Ryan Lee, Esq. (SBN 235879)
Nick Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. Ste. 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION**

| | |
|---|---|
| WILLIE ANDERSON, ) | **Case No.:** |
| ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| Plaintiff, ) | **JURY TRIAL** |
| ) | |
| vs. ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| NCO FINANCIAL SYSTEMS, INC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

WILLIE ANDERSON (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Baton Rouge, Louisiana and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Defendant places approximately three collection calls every day seeking and demanding payment.

13. Defendant constantly and continuously places collection calls to Plaintiff at his place of employment at the number (225) 925-2029.

14. Defendant failed to properly identify itself when seeking and demanding payment for an alleged consumer debt.

15. Defendant disclosed the nature and existence of the alleged consumer debt to a third party.

16. Defendant failed to provide Plaintiff with a 30 day validation notice.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and disclosing that Plaintiff owes a debt.

    b. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at a time and place known to be inconvenient.

    c. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at place of employment knowing employer prohibits such communications.

    d. Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party concerning the debt.

    e. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural

1  consequence of which is to harass, oppress, or abuse the Plaintiff.

2  f. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

g. Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

h. Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

i. Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect the alleged debt.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, WILLIE ANDERSON, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

//

COMPLAINT

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WILLIE ANDERSON, demands a jury trial in this cause of action.

                                     RESPECTFULLY SUBMITTED,

DATED:  April 17, 2009            KROHN & MOSS, LTD.


                           By: /s/ Ryan Lee
                                   Ryan Lee

                                   Attorney for Plaintiff

COMPLAINT